[Crim. No. 4188. First Dist., Div. Three. Sept. 30, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LARRY DOUGLAS NOONER, Defendant and Appellant.

William R. Allen, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael R. Marron, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Three men were convicted of robbery (Pen. Code, § 211). Only Nooner appeals.

■ At about 10:30 p.m., appellant and codefendant Rincon walked into a service station. They remained for some time, talking to each other and occasionally to the attendant. Appellant placed a phone call from a booth in the station area. The attendant serviced waiting cars and commenced closing the station. "Just shortly" before he completed this work, appellant and Rincon walked from the service station and around the corner. Completing his closing chores, the attendant removed the cash box from the pump island, took it to the office, and placed it on the counter. As he turned to close the door he saw Rincon 4 or 5 feet away, with another man standing some 10 feet beyond. Rincon had "something shiny in his hand." There was a puff of smoke, the attendant fell to the floor with a bullet in his stomach, someone took the cash box and ran. Rincon and codefendant Pina were arrested shortly thereafter in a car which had been driven from a point near the station after a man ran from the station to it.

If this were the only evidence, there would be merit to appellant's claim that it is insufficient as to him, since it shows only that he was in the general area of the station shortly before the robbery (*People* v. *Draper*, 69 Cal.App.2d 781 [160 P.2d 80]).

But there is other evidence. The attendant identified appellant as the man standing near Rincon when the shot was fired, thus giving rise to the inference that appellant, who had left the station with Rincon, returned with him to perpetrate the robbery. ■ It is true that this identification was weakened on cross-examination, but this presented only a conflict for the jury to resolve. ■ It is undisputed that appellant was with Rincon and Pina, before the robbery, in the car in which they were arrested shortly after the crime. There is also testimony that, on the afternoon following the robbery, appellant was heard to say "I didn't shoot the man." Appellant did not testify at the trial. The evidence noted, and other inferences which the jury could reasonably draw, are sufficient to support the judgment.

There is no merit in appellant's contention that the trial court erred in denying his motion for separate trial (*People*

768

v. *Ketchel,* 59 Cal.2d 503, 533 [30 Cal.Rptr. 538, 381 P.2d 394]).

Appeal from order denying motion for new trial dismissed. Judgment affirmed.

Salsman, J., and Devine, J., concurred.